UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 21-1410 JGB (SPx)** | Date | October 17, 2024 |
|---|---|---|---|
| Title | *Casandra Pastora et al. v. County of San Bernardino et al.* | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):    Attorney(s) Present for Defendant(s):

None    None

**Proceedings:**   Order (1) Order to Show Cause; and (2) CONTINUING the October 21, 2024 Hearing to November 18, 2024 (IN CHAMBERS)

On April 17, 2024, Plaintiff Saeed Toghraie, individually and as successor in interest to Casandra Pastora (deceased), filed his Third Amended Complaint against Defendants County of San Bernardino, Ariel Szulc, Christina Dominguez, and several unnamed Does. ("TAC," Dkt. No. 60.) The Third Amended Complaint brought four claims related to Pastora's death while detained at the West Valley Detention Center: (1) a 42 U.S.C. § 1983 claim for the deprivation of pretrial detainee's civil rights against Szulc and Dominguez (collectively, "Individual Defendants"); (2) a Section 1983 claim for substantive due process violations against Individual Defendants; (3) violation of the Bane Act, Cal. Civ. Code § 52.1, against Individual Defendants; and (4) wrongful death (negligence) against Defendants. (TAC ¶¶ 27-52; Order Granting Stipulation Striking Portions of Third Amended Complaint, Dkt. No. 67.)

On September 23, 2024, Defendants filed a motion for summary judgment, or alternatively, summary adjudication on all claims. ("Motion," Dkt. 69.) In response, Plaintiff filed an Opposition. ("Opposition," Dkt. 71) In the body of the Opposition, Plaintiff stated he "elected to NOT OPPOSE Defendant's Motion for Summary Judgment" as to Plaintiff's first, second, and third causes of action. (Opposition at 1.) Plaintiff's counsel also attached a declaration to the Opposition to the same effect. (Opposition at 14-15.) Instead, Plaintiff "elects to pursue only his Fourth Cause of Action, for Wrongful Death based on Negligence, and respectfully requests that this Court retain supplemental jurisdiction over this state law claim if the Court determines that it survives summary judgment." (Opposition at 1.)

      A federal court "may decline to exercise supplemental jurisdiction over" a state law claim if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Whether a court should exercise supplemental jurisdiction "[d]epend[s] on a host of factors . . . including . . . 'the values of judicial economy, convenience, fairness, and comity.'" <u>City of Chicago v. Int'l Coll. Of Surgeons</u>, 522 U.S. 156, 173 (1997) (quoting <u>Carnegie-Mellon Univ. v. Cohill</u>, 484 U.S. 343, 350 (1988)).

      Accordingly, Plaintiff is ordered to show cause in a writing no more than 10 pages in length by **October 21, 2024,** why the court should retain jurisdiction over the remaining claim and this action should not be dismissed for lack of subject matter jurisdiction. Defendant may file a response of no more than 10 pages no later than **October 28, 2024**. The October 21, 2024 motion for summary judgment hearing is continued to **November 18, 2024 at 9:00 A.M**.

**IT IS SO ORDERED.**